UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 23-CV-61622-RS

LIBIA MARTIN,

    Plaintiff,

v.

TAH FLORIDA LLC, TAH 2017-2
BORROWER LLC, and TRICON
RESIDENTIAL INC.,

    Defendants.
_____/

**DEFENDANTS' AMENDED MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendants, TAH FLORIDA LLC ("**TAH**"), TAH 2017-2 BORROWER LLC ("**TAH 2017-2**"), and TRICON RESIDENTIAL INC. ("**Tricon Residential**") (collectively "**Defendants**"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to dismiss the Amended Complaint filed by LIBIA MARTIN ("**Plaintiff**") and in support thereof, state as follows:

**INTRODUCTION**

In this action, Plaintiff asserts a number of claims against Defendants arising from alleged mold growth at a property located at 1465 SW 30th Terrace, Fort Lauderdale, Florida 33312-3845 (the "**Property**") that she rented from TAH 2017-2. Plaintiff occupied the Property pursuant to a Residential Lease Agreement (the "**Lease**"). The Lease sets forth the rights and obligations of the parties with respect to the Property, and it is only pursuant to the Lease that Plaintiff lawfully occupied the Property. Although Plaintiff attaches the Lease to her Amended Complaint, she

1

wholly ignores the terms of the Lease in attempting to state her claims against Defendants. As detailed herein, Plaintiff's Amended Complaint must be dismissed.

## FACTUAL BACKGROUND AND PROCECDURAL POSTURE

1. On March 22, 2021, Plaintiff executed the Lease with TAH on behalf of TAH 2017-2 to rent the Property from March 28, 2021 to April 4, 2022. (*See* Am. Compl. ¶ 10.) A copy of the Lease is attached to Plaintiff's Amended Complaint as Exhibit A. (*See id.* at Ex. A.)

2. As stated in the Lease, TAH 2017-2 is the owner of the Property and TAH is its agent and the manager of the Property. (*See id.*)

3. On or about July 14, 2023, Plaintiff filed her Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging five claims against Defendants. Because it was apparent from the allegations in the Complaint that Plaintiff's alleged damages exceed $75,000.00 and because there is diversity of citizenship, on August 23, 2023, Defendants removed the case to this Court. (*See* Doc. 1.)

4. On September 11, 2023, Plaintiff filed her Amended Complaint alleging seven claims against Defendants arising from alleged mold growth at the Property: (i) violation of the implied warranty of habitability under Fla. Stat. §83.51 as to TAH 2017-2 (Count I); (ii) breach of contract as to TAH 2017-2 (Count II); (iii) negligence as to TAH (Count III); (iv) negligence as to Tricon Residential (Count IV); (v) negligent infliction of emotional distress as to TAH (Count V); (vi) negligent infliction of emotional distress as to Tricon Residential (Count VI); and (vii) constructive eviction as to TAH (Count VII).

5. Specifically, Plaintiff alleges that mold was discovered at the Property on January 22, 2022 (*see id.* ¶ 11), and that such mold damaged her personal property and caused her emotional distress and a number of health issues (*see, e.g., id.* ¶¶ 30, 31, 33–35). Plaintiff also

seeks reimbursement of rent, damages for out-of-pocket expenses that she allegedly incurred as a result of vacating the Property, and attorneys' fees. (*See, e.g.*, *id.* ¶ 27; *id.* at 10.)

6. Each of Plaintiff's claims must be dismissed because the Lease attached to the Amended Complaint plainly states that Plaintiff agreed to assume all duties related to mold growth at the Property and be responsible for all actions necessary to prevent mold growth at the Property, and the parties further agreed that the Plaintiff waived any duties the Defendant would otherwise have related to mold growth the Property, thereby negating all of Plaintiff's claims.

7. The Lease further negates: (i) Plaintiff's claims for breach of implied warranty of habitability and breach of contract because Plaintiff took the Property "as is," waiving and expressly disclaiming any such warranties; (ii) Plaintiff's claims against Tricon Residential because, contrary to Plaintiff's allegation, TAH, and not Tricon Residential, was the manager of the Property and Tricon Residential was not a party to the Lease nor did it provide any property management services; and (iii) Plaintiff's claims for damages to her personal property because the Lease expressly prohibits Defendants' liability for damages to personal property arising from any cause.

8. Lastly, Plaintiff's tort claims—Counts III, IV, V, VI, and VII—must be dismissed as barred by the independent tort doctrine.

## MEMORANDUM OF LAW

### I. GOVERNING LAW

In diversity actions, courts in the Eleventh Circuit apply federal procedural law and the substantive law of the forum state, including its conflict of law rules, to state law claims. *See, e.g.*, *Nova Cas. Co. v. OneBeacon Am. Ins. Co.*, 603 F. App'x 898, 900 (11th Cir. 2015) (applying Florida conflict of laws rules to determine which state's law governed breach of contract claim); *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CV, 2011 WL 13115846, at *3 (S.D.

Fla. Dec. 8, 2011) ("Since federal courts hearing state law claims are required to apply state laws that are substantive and federal laws that are procedural, procedural requirements are governed by the Federal Rules of Civil Procedure." (citing *Hanna v. Plumer,* 380 U.S. 460 (1965))). Here, Plaintiff asserts contractual, Florida statutory, and tort claims against Defendants.

As to Plaintiff's contractual claim (Count II), "Florida enforces choice-of-law provisions" unless "invalid as violating public policy." *Marin v. Home Depot U.S.A., Inc.*, No. 08-20624-CIV, 2008 WL 11333108, at *2 (S.D. Fla. Oct. 31, 2008) (citing *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000)). The "Governing Law" provision in the Lease attached to the Amended Complaint provides in pertinent part: "This Lease shall be construed and governed in accordance with the laws of the state in which the Premises is located." *See* Am. Compl., Ex. A ¶ 49. The Premises (i.e. the Property) is located in Florida; accordingly, Florida law applies to Plaintiff's breach of contract claim. *See, e.g.*, *St. Lucie Mariposa Assocs., Ltd. v. Regions Bank*, No. 13-23838-CIV, 2015 WL 1478652, at *6 (S.D. Fla. Mar. 31, 2015) (applying Florida law to breach of contract action on the basis of the loan's choice of law clause), *aff'd*, 696 F. App'x 438 (11th Cir. 2017). Further, under Florida's choice of law rules, "[f]or contract claims, questions about the execution, validity, interpretation and obligations of contracts are determined by the *lex loci contractus* (law of the place where a contract was made), whereas questions about performance are governed by the *lex loci solutionis (*law of the place of performance of a contract)." *Cavalieri v. Avior Airlines C.A.*, No. 17-22010-CIV, 2022 WL 19919671, at *5 (S.D. Fla. Nov. 14, 2022); *see also Trumpet Vine Invs., N.V. v. Union Cap. Partners I, Inc.*, 92 F.3d 1110, 1119 (11th Cir. 1996) ("A contract is made where the last act necessary to complete the contract is performed."). The Lease was made and to be performed in

Florida; thus, under Florida's choice of law rules, Florida law applies to Plaintiff's claim for breach of contract.

As to Plaintiff's tort claims (Counts III, IV, V, VI, and VII), "Florida utilizes the 'most significant relationship' test to determine which state's laws applies to tort claims." *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1301 (11th Cir. 2003); *see also Garcia v. Public Health Trust of Dade County*, 841 F.2d 1062, 1064–65 (11th Cir. 1988) (explaining that Florida follows the approach set forth in the Restatement, which states that "[t]he rights and liability of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties").[1] Florida law also should apply to Plaintiff's tort claims: Plaintiff's purported injury occurred in Florida; the conduct allegedly causing the injury occurred in Florida; Plaintiff is a resident of Florida; and the relationship between the parties is centered at the Property, located in Florida. (*See generally* Am. Compl.) Florida statutory law likewise governs Plaintiff's statutory claim (Count I).

Therefore, as to this case in its entirety, Florida law governs substantive issues while the Federal Rules of Civil Procedure govern procedural ones.

## II.     LEGAL STANDARDS

### A.     Pleading Standards

Federal Rules of Civil Procedure 8 and 10 provide the minimum requirements for pleadings. Rule 8(a)(2) requires a complaint contain "a short and plain statement of the claim

---

[1] *Garcia* further explains that contacts to be considered include "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." 841 F.2d 1062, 1064–65 (quoting Restatement (Second) Conflict of Laws § 145 (1971)).

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").  Rule 10(b) provides that a party must "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

> Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. Further, mere naked assertions are not sufficient. A complaint must contain sufficient factual matter, which, if accepted as true, would state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. However, the Court need not accept as true a legal conclusion stated as a factual allegation.

*Trophia v. Camping World, Inc.,* Case No. 8:22-cv-00128-CEH-AEP, 2022 WL 2918116, at *2 (M.D. Fla. July 25, 2022) (Honeywell, J.) (internal quotation marks and citations omitted) (citing *Iqbal* and *Twombly*).

    **B.**    <u>**Motion to Dismiss**</u>

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance,* 304 F.3d 1076, 1084 (11th Cir. 2002).  However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the

unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) ("[E]xhibits are part of the pleading 'for all purposes.'" (quoting Fed. R. Civ. P. 10(c))). "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Griffin,* 496 F.3d at 1206 (internal quotation marks and citation omitted).

### III.   ARGUMENT

#### A.   The Lease negates Plaintiff's claims (all counts).

Plaintiff's claims against Defendants all arise from her occupancy of the Property, which is governed by the Lease. Included in the Lease attached to the Amended Complaint is a Lease Addendum, which includes a section regarding mold information and prevention, providing in pertinent part:

> 9. **RESIDENT RESPONSIBILITY AND WAIVER**: Resident acknowledges and agrees that the Premises is located in a climate conducive to the growth of mold and mildew. **Each Resident agrees to be responsible for taking all proper action to retard and prevent mold, mildew and excess moisture and to protect his/her person and property from loss or damage as a result hereof and for any condition or defect involving mold, mildew and/or excess moisture at the Premises, and further expressly agrees to waive any duty the Landlord may have to prevent the growth of mildew, mold or excess moisture in or at the Premises and/or any duty to repair and any and all defects or conditions related to mold, mildew or excess moisture**, and further agrees that the **Landlord shall not be responsible** for damage to the Premises, person, or personal property of the Resident for damages caused by excess mold, mildew or moisture.
>
> 10. **RELEASE AND INDEMNIFICATION: RESIDENT HEREBY RELEASES LANDLORD AND SHALL DEFEND, INDEMNIFY AND HOLD LANDLORD HARMLESS**

**AGAINST LIABILITY FOR INJURY OR DAMAGE TO PERSONS OR PROPERTY CAUSED BY THE EXISTENCE OF MOLD AT THE PREMISES.**

(Am. Compl., Ex. A at Lease Addendum C ¶¶ 9–10).

In her Amended Complaint, Plaintiff ignores these controlling terms of the Lease, attempting to impose obligations onto Defendants – all of which stem from mold. Under these clear and controlling terms, however, Defendants are not liable for any damages caused by mold, mildew or moisture – as all duties of care related to the prevention or growth of mold were expressly assumed by the Plaintiff, who has possession of the Property. *Id.* Consistent with their assumption of this duty, Plaintiff also expressly waived any duty Defendants may have had to prevent the growth of mildew, mold, or excess moisture and to repair any and all defects or conditions related to same. *Id.* Because the plain language of the Lease negates Plaintiff's claims, all of which arise from purported mold at the Premises, the Court must dismiss the Amended Complaint in its entirety.[2] *See, e.g.*, *Griffin,* 496 F.3d at 1205–06, 1210 (reversing district court's denial of qualified immunity for the defendants, in part because the exhibits attached to the complaint plainly contradicted the conclusory allegation that the defendants had no rational basis for taking regulatory action); *see also Eller & Co. v. Galapagos Line, S.A.,* 493 So. 2d 1061, 1062 (Fla. 3d DCA 1986) ("It is well settled that clauses in contracts limiting liability are valid and enforceable provided the intention to limit liability is made clear in the contract."); *accord Mt. Hawley Ins. Co. v. Pallet Consult. Corp.*, No. 06–61763–Civ, 2009 WL 1911722, at *9 (S.D. Fla. July 1, 2009) (providing that "[Florida] law is clear that limitation-of-liability clauses are enforceable").

---

[2] Indeed, pursuant to Section 83.51(2)(a), such duties of care may be contractually waived in the rental agreement, as they do not fall under the requirements which cannot be waived in rental agreements which are limited to the structure components of the home as identified in Section 83.51(1), Florida Statutes.

B.  **The Lease negates Plaintiff's claims for breach of implied warranty of habitability and breach of contract (Counts I and II).**

The following provision of the Lease further negates Plaintiff's claims for breach of implied warranty of habitability and breach of contract:

> Resident acknowledges that Resident has not relied on any representations made by Landlord or Landlord's agents regarding the condition of the Leased Premises and that Resident takes the Premises in its AS-IS condition with no express or implied warranties or representations beyond those contained herein or required by applicable law of the state in which the Premises is located.

(Am. Compl., Ex. A ¶ 12.)  Under these plain terms, Plaintiff waived all claims for breach of express or implied warranties or representations other than those contained in the Lease or required by Florida law.  Plaintiff does not allege Defendants breached any warranty or representation contained in the Lease.  Nor does Plaintiff allege sufficiently any breach of warranties or representations required by Florida law.  As alluded to by Plaintiff, Florida law sets forth a landlord's obligations in section 83.51(1), Florida Statutes; although Plaintiff refers to this statutory section as Florida's implied warranty of habitability, Plaintiff does not allege Defendants violated the requirements set forth therein.[3]  Because Plaintiff otherwise waived any and all warranties and representations as to the Premises in executing the Lease, Plaintiff's claims for breach of implied warranty of habitability (Count I) and breach of contract (Count II) must be dismissed for failure to state a claim.

C.  **The Lease negates Plaintiff's claims against Tricon Residential (Count IV and VI).**

The basis of Plaintiff's claims for negligence (Count IV) and negligence infliction of emotional distress (VI) against Tricon Residential is Plaintiff's allegation that Tricon Residential

---

[3] While Section 83.51(1), Florida Statutes provides a list of obligations that a landlord must maintain, which does not include mold, Plaintiff does not allege Defendants violated any of these "non-waivable" obligations.

9

is a property manager of the Property. (*See* Am. Compl. ¶ 9.) This allegation, however, is contradicted by the Lease attached to the Amended Complaint, which identifies TAH, not Tricon Residential, as the manager. (*See* Am. Compl., Ex. A at 1.) Tricon Residential is neither a party to the Lease nor identified in the Lease as having any obligations, management or otherwise, with respect to the Property. (*See generally id.* (referring to TAH as Manager; TAH 2017-2 as Owner; TAH and TAH 2017-2 collectively as Landlord; Plaintiff as Resident; Anthony Martin and Dennis Ferrer Jr. as Other Occupants; and Plaintiff, Anthony Martin, and Dennis Ferrer Jr. collectively as Occupants).) Because the plain language of the Lease contradicts Plaintiff's allegation that Tricon Residential is a manager of the Property, Plaintiff has failed to establish that Tricon Residential owed her any duty with respect to the Property. Consequently, each of Plaintiff's claims against Tricon Residential fails. Plaintiff's inclusion of Tricon Residential in this action appears to be her attempt to "pierce the corporate" veil without making any attempt to plead the required elements, in violation of long-standing Florida law.[4]

**D.     The Lease negates Plaintiff's claims for damages to personal property.**

In her Amended Complaint, Plaintiff seeks damages for damage allegedly caused to her personal property. However, the Lease specifically provides that "[n]either Landlord nor its agents

---

[4] In order to pierce the corporate veil, a plaintiff must allege ultimate facts demonstrating that: (i) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation; (ii) the corporate form must have been used fraudulently or for an improper purpose; and (iii) the fraudulent or improper use of the corporate form caused injury to the claimant. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349 (11th Cir. 2011); *see Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373 (S.D. Fla. 2011) (ruling that "the corporate veil may [only] be pierced if the plaintiff can prove both that the corporation is a mere instrumentality or alter ego of the defendant, and that the defendant engaged in improper conduct in the formation or use of the corporation."). These "strict standards" which are required when attempting to pierce the corporate veil are imposed because Florida law requires that corporate structures be recognized and respected. *See Wilkerson v. Gulfstream Land and Development Corp.*, 402 So. 2d 550, 551 (Fla. 4th DCA 1981). In light of these strict and heightened standards, piercing the corporate veil "is the rare exception, applied in the case of fraud or certain other exceptional circumstances...." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003). Here, the Amended Complaint is devoid of any factual allegations required under Florida law to pierce the corporate veil.

shall be liable for damage to Resident's property arising from *any reason or cause whatsoever*." (Am. Compl., Ex. A ¶ 26 (emphasis added).)  Thus, to the extent Plaintiff seeks damages for her personal property, under the clear terms of the Lease, Defendants are not liable.

> **E. The independent tort doctrine bars Plaintiff's tort claims (Counts III, IV, V, VI, and VII).**

Under Florida law, when a tort claim relates to the performance of a contract entered into by and between the parties, the independent tort rule limits the parties to their contractual remedies. *See Tiara Condo. Ass'n v. Marsh & McClennan Cos.*, 110 So. 3d 399, 400 (Fla. 2013); *see also Lamm v. State St. Bank & Trust*, 749 F.3d 938, 947 (Fla. 2014) (observing, post-*Tiara*, that the independent tort rule is a "separate hurdle" from the economic loss rule); *Prewitt Enters., LLC v. Tommy Constantine Racing, LLC*, 185 So. 3d 566, 569 (Fla. 4th DCA 2016) (explaining that the independent tort rule survived *Tiara*); *TRG Desert Inn Venture, Ltd. v. Berezovsky*, 194 So. 3d 516, 519 n.3 (3d DCA 2016) (observing, three years after *Tiara*, that the independent tort doctrine is currently alive in Florida).  The basic premise of this doctrine is that "when a contract is breached, the parameters of a plaintiff's claim are defined by contract law, rather than by tort law." *Peebles v. Puig*, 223 So. 3d 1065, 1068–69 (Fla. 3d DCA 2017).  In other words, "a tort action lies only for acts independent of those acts establishing the contract's breach."  *Id*. at 1069; *see Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("It is well established that breach of contractual terms may not form the basis for a claim in tort. Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort.").

Here, Plaintiff's tort claims for negligence as to TAH (Count III), negligence as to Tricon Residential (Count IV), negligent infliction of emotional distress as to TAH (Count V), negligent infliction of emotional distress as to Tricon Residential (Count VI), and constructive eviction as to

11

TAH 2017-2 (Count VII) are barred by the independent tort doctrine because the tortious conduct that Plaintiff alleges in her Amended Complaint as the basis for these claims is not independent from, but rather relates directly to, the performance of the Lease.  It is undisputed that had the Plaintiff not signed the Lease, and agreed to the terms of the Lease, the Plaintiff would not have been authorized to take possession of and reside in the Property.  In fact, all of the duties and obligations alleged by the Plaintiff are squarely addressed in the Lease, as are the remedies for any alleged breach of the Lease.  Because Plaintiff has failed to allege conduct amounting to a tort independent of Defendants' alleged breach of contract, Counts III, IV, V, VI. And VII must be dismissed. *See, e.g.*, *Peebles*, 223 So. 3d at 1069 (finding that "[plaintiff]'s damages resulted from, and were occasioned by, [defendant]'s breach of contract, and not by any independent, separate, or distinct conduct of [defendant's owner,]" and thus, plaintiff did not have an actionable fraudulent misrepresentation claim against defendant).

## CONCLUSION

The Court should dismiss Plaintiff's Amended Complaint in its entirety because it fails to state a claim in light of the plain language of the Lease, which negates Plaintiff's claims that Defendants are liable for damages arising from mold at the Property.  The Lease further negates (i) Plaintiff's claims for breach of implied warranty of habitability and breach of contract because Plaintiff took the Property "as is"; (ii) Plaintiff's claims against Tricon Residential because the plain language of the Lease indicates Tricon Residential was not the manager of the Property; and (iii) Plaintiff's claims for damages to her personal property because the Lease excludes Defendants' liability for damages to personal property arising from any cause.  Lastly, Plaintiff's tort claims (Counts III, IV, V, VI. And VII) should be dismissed because they are barred by Florida's independent tort doctrine.

WHEREFORE, Defendants, TAH FLORIDA LLC, TAH 2017-2 BORROWER LLC, and TRICON RESIDENTIAL INC., respectfully request that the Court enter an order (i) dismissing Plaintiff's Amended Complaint in its entirety, (ii) awarding Defendants their attorneys' fees and costs, and (iii) granting such other further relief as this Court deems just and proper.

Dated: September 25, 2023

/s/ Meredith S. Delcamp
Meredith S. Delcamp
Florida Bar No. 16242
mdelcamp@shutts.com
Erik R. Matheney
Florida Bar No. 005411
ematheney@shutts.com
S. Elizabeth King
Florida Bar No. 122031
eking@shutts.com
**SHUTTS & BOWEN LLP**
4301 W. Boy Scout Blvd, Suite 300
Tampa, FL 33607
Telephone: 813-229-8900
Facsimile: 813-229-8901
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2023, a true and correct copy of the foregoing has been electronically filed with the Court using the CM/ECF filing system and has been served by electronic mail notification to:

Matthew Glachman
Jordan Marcus Brill
6421 Congress Ave., Suite 120
Boca Raton, FL 33487
service@glachmanbrill.com
matt@glachmanbrill.com
*Attorneys for Plaintiff*

/s/ Meredith S. Delcamp
Attorney